UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAUL M. WELCH,

                    Plaintiff,

        - against -

STRATEGIC SERVICES GROUP INC.,

                    Defendant.
-------------------------------------------------------x

                              **MEMORANDUM & ORDER**
                                26-CV-2572 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

On April 30, 2026, Plaintiff Paul M. Welch, proceeding *pro se*, filed this action against his former employer, Defendant Strategic Services Group Inc. (Compl., Dkt. 1.) Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. (IFP Mot., Dkt. 2.) For the reasons set forth below, the Complaint is dismissed for failure to state a claim on which relief can be granted. However, the Court grants Plaintiff thirty (30) days in which to file an amended complaint.

## BACKGROUND

Plaintiff brings employment discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e17; and under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634. (*See* Compl., Dkt. 1, at 3.) He alleges that Defendant discriminatorily fired him and offered him unequal terms and conditions of employment. (*See id.* at 4.) He indicates that he believes that Defendant discriminated against him based on his national origin and his age. (*See id.* at 5.) Although Plaintiff does not list his national origin in the Complaint, he attaches a "Notice of Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC") stating that Plaintiff is of "English Origin." (*See*

EEOC Notice of Right to Sue, Dkt. 1-2, at ECF[1] 3.)  As to Plaintiff's age, the Complaint states that he was born in 1950.  (*See* Compl., Dkt. 1, at 5.)

In the section of the Complaint where Plaintiff describes the facts of his case, he states the following:

> On 08/09/24, I found myself in an unfair situation by my employer which leads me to believe that I was unfairly treated due to my age and nationality.  On 08/9/24, my Supervisor Gary informed me to not report to my weekend shift.  I asked what the reason was, and I was told the head Accountant Diana Barlotta will call me on 8/13.  I received no calls, so I decided to call both parties on that day.  They did not accept my phone calls, but I received a text message from Mrs. Diana Barlotta stating to "respect her privacy and time, today is her day off and [she] will call me the next day 8/14.["]  8/14, Mrs. Diana Barlotta called and stated she's terminating me because I broke company policy.  I was clueless on what policy I broke, I expressed that I felt I was being treated unfairly, she said she had no time to compromise with me and hung up [on] me.

(Compl., Dkt. 1, at 5.)

On or around August 24, 2024, Plaintiff filed a charge with the EEOC, in which he alleged age discrimination based on the same facts.  (*See* EEOC Notice of Right to Sue, Dkt. 1-2, at ECF 4.)  On February 17, 2026, the EEOC issued Plaintiff the Notice of Right to Sue letter stating, among other things, that the EEOC had dismissed his charge and that Plaintiff could file a lawsuit on the charge, but that he must do so within 90 days of his receipt of the EEOC's official notice of dismissal.  (*See id.* at ECF 1.)  Plaintiff states that he received the Notice of Right to Sue letter on the same date it was issued: February 17, 2026.  (*See* Compl., Dkt. 1, at 6.)  Plaintiff filed this lawsuit on April 30, 2026, less than 90 days later.  (*See generally id.*)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

In the section of the Complaint where Plaintiff describes the relief he seeks, he states that he requests compensatory damages "for the years [he] did not work," as well as punitive damages. (*Id.* at 6.)

## LEGAL STANDARD

The Court is required to dismiss any complaint brought IFP if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (alteration in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the Court must grant the *pro se* party the opportunity to amend their complaint before dismissal. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

3

**DISCUSSION**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."   42 U.S.C. § 2000e–2(a)(1).   The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  In order to state a claim under either statute, a plaintiff is required to plausibly allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent,'" among other requirements.  *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)) (Title VII context); *see also Lively v. WAFRA Investment Advisory Grp.*, 6 F.4th 293, 303 (2d Cir. 2021) (explaining that to state a claim under the ADEA, a plaintiff "must plausibly allege that he would not have been terminated but for his age").

Even under the most liberal interpretation, Plaintiff's Complaint fails to state a claim under Title VII or the ADEA.  Plaintiff has not alleged any facts that suggest that Defendant was motivated by discriminatory intent based on Plaintiff's age, national origin, or any other protected trait.[2]  Consequently, the Complaint does not give "plausible support" to even a "minimal

---

[2] The Court notes that Plaintiff's EEOC charge alleges discrimination based only on age. (*See* EEOC Notice of Right to Sue, Dkt. 1-2.)  A plaintiff can typically only raise claims that were included in or "reasonably related" to the allegations in the EEOC charge. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001); *cf. Littlejohn*, 795 F.3d at 322–23 (holding that sex discrimination claims were not "reasonably related" to plaintiff's EEOC discrimination claims that were "based solely on race and color").

4

inference" that Defendant acted with a discriminatory motivation.  *See Littlejohn*, 795 F.3d at 311.

The Complaint is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state

a claim upon which relief can be granted.  However, in light of Plaintiff's *pro se* status, the Court

grants Plaintiff leave to file an amended complaint within thirty (30) days.  If Plaintiff chooses to

amend his complaint, the new complaint must contain a short and plain statement of the relevant

facts supporting his claims, including any facts suggesting that Defendant acted with

discriminatory intent.

## CONCLUSION

The Court grants Plaintiff's request to proceed IFP and dismisses the Complaint for failure

to state a claim.  28 U.S.C. § 1915(e)(2)(B).  Plaintiff is granted thirty (30) days to file an amended

complaint.  If he chooses to do so, it must be captioned "Amended Complaint" and must include

the same docket number as this Memorandum and Order, No. 26-CV-2572 (PKC) (VMS).  Any

amended complaint will replace the original Complaint, so it must stand on its own without

reference to the Complaint.  If filed, the amended complaint will be reviewed for substantive

sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).  If Plaintiff does not file an amended complaint

(or request an extension of time) within the time allowed, the Court will dismiss the Complaint

without prejudice and direct the Clerk of Court to enter judgment and close the case.

Plaintiff is advised that the City Bar Justice Center provides free, confidential, limited-

scope legal services to *pro se* litigants at the Brooklyn federal courthouse.  More information about

the City Bar Justice Center is available online at https://www.citybarjusticecenter.org/projects/

federal-pro-se-legal-assistance-project/ and by phone at (212) 382-4729.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Memorandum and Order would not be taken in good faith and therefore denies IFP status for the

purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of

Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff and note

the mailing on the docket.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: July 15, 2026
      Brooklyn, New York

6